741 F.2d 1087
 35 Fair Empl.Prac.Cas. 1017,
35 Empl. Prac. Dec. P 34,626
Mary Susan GOODWIN, Appellee,
v.
The CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, Appellant.
Mary Susan GOODWIN, Appellee,
v.
The CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, Appellee,
v.
ST. LOUIS COUNTY, MISSOURI, Appellant.
 Nos. 83-1161, 83-1163.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 23, 1984.
Decided Aug. 23, 1984.
Rehearing and Rehearing En Banc
Denied Sept. 21, 1984.
Certiorari Denied Oct. 1, 1984.
See 105 S.Ct. 112.
 
 Before ROSS, ARNOLD and BOWMAN, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 These cases arise out of the claim of Mary Susan Goodwin, a lawyer, that she was removed from her position as a hearing officer for the Juvenile Division of the Circuit Court of St. Louis County, Missouri, because of her sex. Her claim was based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., and on 42 U.S.C. Sec. 1983. The Sec. 1983 claim was brought against a judge of the Juvenile Division, while the Title VII claim was brought against the Circuit Court itself. On March 6, 1984, we affirmed the judgment entered on a jury verdict against the judge. In the same opinion, the Title VII aspect of the case was remanded to the District Court for further findings. Goodwin v. Circuit Court of St. Louis County, Missouri, 729 F.2d 541 (8th Cir.), petition for cert. filed sub nom. Corrigan v. Goodwin, 52 U.S.L. Week 3908 (U.S. June 4, 1984) (No. 83-1978).
 
 
 2
 The District Court[1] has now made and certified to us new findings on the Title VII claim. The Court has found, this time placing the burden of persuasion throughout the case on the plaintiff, that plaintiff was in fact removed from the hearing-officer position because of her sex. It is our duty now to review this finding and, if we approve it, to decide St. Louis County's appeal from the judgment entered over against it on the third-party claim of the Circuit Court.
 
 
 3
 Our prior opinion states the facts and gives our reasons for affirming the judgment entered on the jury verdict on the Sec. 1983 claim. The same factual question, whether or not plaintiff's treatment was based on her sex, is of course at the heart of the Title VII claim. No purpose would be served by repeating the facts. We hold that the District Court's finding is not clearly erroneous, and the judgment in favor of plaintiff and against the Circuit Court will therefore be affirmed.
 
 
 4
 The District Court's prior opinion, 555 F.Supp. 658 (E.D.Mo.1983), held the county liable on the Circuit Court's third-party claim. The Circuit Court defends this judgment principally on the ground that judgment over against the county is necessary to give the plaintiff complete relief on her Title VII claim. The Circuit Court, it is said, has no funds of its own, and if the county, which normally funds the operations of the Circuit Court, does not stand behind it and pay the judgment, no one will. Thus, according to the Circuit Court, the remedial purposes of Title VII will be frustrated unless its judgment on the third-party complaint against the county is affirmed. The county, on the other hand, replies that in fact other funds are available to the Circuit Court, perhaps from the State of Missouri itself, and that, in any event, it did not employ Goodwin, does not control the personnel decisions of the Circuit Court, and cannot be held liable under Title VII for what some other person or entity may have done.
 
 
 5
 We find it unnecessary to pass on these opposing arguments. The Circuit Court and the county stipulated in the District Court that under Missouri law the county must pay all the "lawful" expenses of the Circuit Court, with some exceptions, for example, salaries of judges, not here relevant. The Circuit Court, for instance, looks to the county for payment of its hearing officers and other non-judge employees, and under state law the county must make these payments. See Mo.Ann.Stat. Secs. 50.640, 50.641, 476.270. The last cited statute provides, in pertinent part, that "[a]ll expenditures accruing in the circuit courts ... shall be paid out of the treasury of the county in which the court is held ...." The District Court held, citing these statutes, that state law requires the county to pay any judgment entered in this case against the Circuit Court.
 
 
 6
 The county makes two arguments in reply. In the first place, it contends that an expenditure to pay the judgment rendered against the Circuit Court is not a "lawful" expenditure, because it would never have come about without the Circuit Court's having violated the law by discriminating against Goodwin on the basis of her sex. We think the District Court's opinion fully answers this argument:
 
 
 7
 Moreover, the county admits that it is responsible for the payment of all lawful expenditures of the Circuit Court. One would be hard pressed to deny that a court ruling that assesses a monetary award against the Circuit Court is ... a lawful expenditure.
 
 
 8
 555 F.Supp. at 663. The normal meaning of the word "lawful," we suppose, is "permitted by law." Here, the expenditure in question is not merely permitted, it is required by law, because the judgment entered by the District Court requires the Circuit Court to pay it.
 
 
 9
 The county also argues that Article X, Section 21, of the Missouri Constitution, as amended in 1980, known as the Hancock Amendment, protects it from the Circuit Court's third-party claim. This provision reads as follows:
 
 
 10
 Section 21. State support to local governments not to be reduced, additional activities and services not to be imposed without full state funding.
 
 
 11
 The state is hereby prohibited from reducing the state financed proportion of the costs of any existing activity or service required of counties and other political subdivisions. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agency of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.
 
 
 12
 We assume, as argued by the county, that the Circuit Court is a "state agency" within the meaning of this provision, since it does exercise a portion of the judicial power of the State of Missouri. The county argues that the judgment entered against the Circuit Court amounts to an increase in the level of the activities and services performed by the Court, and that it, as a political subdivision, can therefore not be required to pay it against its will.
 
 
 13
 We disagree with this line of argument. Section 21 provides, for present purposes, only that a state agency may not require a county to fund an increase in the level of the agency's activities or services. Here, the state agency, the Circuit Court, is not requiring the county to do anything. If the Circuit Court had had its way, no judgment in favor of Goodwin would ever have been entered. It is the Act of Congress, as interpreted and enforced by the District Court, that is imposing a requirement on the county. Furthermore, the activity or service involved here, the operations of the Juvenile Division of the Circuit Court, was fully operational before the Hancock Amendment took effect. We do not believe that the payment of a judgment arising out of a personnel dispute in an existing operation of a state agency is "an increase in the level of any activity or service" within the meaning of Section 21 of Article X. If, for example, the Circuit Court had, for some reason, declined to pay Goodwin's salary, and if she had then recovered a judgment against the Court for the unpaid amount, and if that judgment had included costs and, under some applicable law, an award of attorneys' fees, we think it clear that no "increase in the level of any activity or service" would have occurred. Instead, the same activity or service would have continued, and the judgment entered against the Circuit Court would simply be an incident of that activity or service.
 
 
 14
 We note, in conclusion, that these questions all arise under the law of Missouri. We normally defer to the district courts on questions of the law of their own states, and this principle applies to state constitutions as well as to statutes. We see no reason to depart from this practice here.
 
 
 15
 The judgments in favor of Goodwin and against the Circuit Court under Title VII, and against the county and in favor of the Circuit Court on the third-party complaint based on state law, are affirmed. There remains pending before the Court Goodwin's motion for attorneys' fees, filed on April 2, 1984. We have held this motion in abeyance pending our decision on the findings made by the District Court on remand. The matter of attorneys' fees is now ripe for decision. Any party who wishes to oppose the motion should do so within 15 days of the filing of this opinion.
 
 
 16
 It is so ordered.
 
 
 17
 BOWMAN, Circuit Judge, concurring in part and dissenting in part.
 
 
 18
 I agree that if the Circuit Court is liable to plaintiff under Title VII, then St. Louis County is liable on the Circuit Court's third-party claim.
 
 
 19
 I do not agree, however, that the decision below holding the Circuit Court liable to plaintiff under Title VII should be affirmed. My views on the merits of plaintiff's claim of unlawful employment discrimination are set forth in my dissent from our Court's previous decision in this case. See Goodwin v. Circuit Court of St. Louis, Missouri, 729 F.2d 541, 550-52 (8th Cir.) (Bowman, J., dissenting), petition for cert. filed sub nom. Corrigan v. Goodwin, 52 U.S.L.W. 3908 (U.S. June 19, 1984) (No. 83-1978). Based upon those views, which need no further elaboration here, I respectfully dissent from our Court's present decision under Title VII.
 
 
 
 [1]
 The Hon. Clyde S. Cahill, United States District Judge for the Eastern District of Missouri